IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) ) ) ) | No.  37552-8-III |
| ANTHONY MARCEL MILLSPAUGH, | | PUBLISHED OPINION |
| Petitioner. | | |

LAWRENCE-BERREY, J. — Anthony Millspaugh petitions for post-conviction relief arising out of his 2004 conviction for murder in the second degree.  RCW 10.73.090 generally bars petitions for such relief if filed more than one year after the judgment becomes final.  Millspaugh argues his petition is timely because Governor Jay Inslee's recent proclamation, Proclamation 20-47, waives and suspends RCW 10.73.090.  We disagree.  We hold that Proclamation 20-47 preserves only existing rights, not expired claims.  And because Millspaugh's right to assert his current claim expired years ago, his petition is untimely, and we dismiss it.

FACTS

Millspaugh pleaded guilty to murder in the second degree on October 2, 2003.  The trial court sentenced him on January 8, 2004, and entered its judgment and sentence.  Millspaugh did not appeal.  Pursuant to RCW 10.73.090(3)(a), the judgment became final on that date.

Prior to this petition, Millspaugh had sought collateral relief on at least three separate occasions. In one of these petitions, Millspaugh argued that the prosecutor breached the plea agreement. We have dismissed each of Millspaugh's previous petitions.

On May 11, 2020, Millspaugh filed in this court the present personal restraint petition. He claims, once again, the State breached the plea agreement. We need not address the substance of his arguments if his petition is time barred.

ANALYSIS

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1).

Here, Millspaugh does not argue that the judgment and sentence is invalid on its face or that the trial court lacked jurisdiction. Instead, he argues that Governor Inslee's recent Proclamation 20-47 suspends the limitation period of RCW 10.73.090 and revives his formerly expired claim.

We first discuss the relevant provisions of Proclamation 20-47. The proclamation contains numerous recital paragraphs. These recital paragraphs explain that the need for the proclamation arises out of a worldwide emergency created by COVID-19 that has

No. 37552-8-III
*PRP of Millspaugh*

impacted Washington State, requiring businesses in the state to be closed and restricting

the movement of residents. Proc. 20-47, ¶¶ 2, & 4-5. The proclamation, signed

April 14, 2020, provides in relevant part:

> **WHEREAS**, *directives issued by the Governor . . . and other restrictions enacted in response to the COVID-19 pandemic, make access to Washington State courts extremely limited and restrict court operations*; and
> . . . .
>
> **WHEREAS**, *preserving the rights of individuals to petition the court for post-conviction relief is essential to our system of justice*, and current statutes also limit an individual's right to seek such relief . . . .
>
> . . . .
>
> **NOW, THEREFORE**, I, Jay Inslee, Governor of the state of Washington, as a result of the above-noted situation, and under Chapters 38.08, 38.52 and 43.06 RCW, do hereby proclaim that a State of Emergency continues to exist in all counties of Washington State, . . . and that Proclamation 20-05 is amended to . . . waive and suspend statutes that limit an individual's right to seek post-conviction relief, during the COVID-19 pandemic.
>
> . . . .
>
> **FURTHERMORE**, based on the above situation and under the provisions of RCW 43.06.220(2)(g), I also find that strict compliance with [RCW 10.73.090] will restrict the ability of individuals to seek post-conviction relief . . . [*RCW 10.73.090*] *is hereby waived and suspended in its <u>entirety</u>, except as otherwise provided herein*, until midnight on May 14, 2020.

Proc. 20-47, ¶¶ 6, 8, 12 & 15 (italics added).

3

We next discuss our rules for construing proclamations. A gubernatorial proclamation that flows from a statutory grant of authority is construed in the same manner as a statute. *State v. Zack*, 2 Wn. App. 2d 667, 673, 413 P.3d 65, *review denied*, 191Wn.2d 1011, 425 P.3d 517 (2018). Our goal in interpreting such a proclamation is to discern and implement the governor's intent. *Id.* We begin our inquiry by looking at the plain meaning of the proclamation as expressed through the words themselves. *Id.* If the meaning of the proclamation is plain on its face, we will apply that plain meaning. *Id.* The governor's express statement of intent in issuing a proclamation may be considered by us for purposes of construing the meaning of the proclamation. *Id.*

Here, the plain meaning of the last sentence we quoted above is unclear: RCW 10.73.090 "is hereby waived and suspended in its <u>entirety</u>, except as otherwise provided herein." It is unclear because there is nothing in the proclamation that expressly limits the waiver or suspension of RCW 10.73.090. So what meaning must we give the last five words?

A statute must be construed so that all the language used is given effect, with no portion rendered meaningless or superfluous. *G-P Gypsum Corp. v. Dep't of Revenue*, 169 Wn.2d 304, 309, 237 P.3d 256 (2010). Because our rules for construing proclamations mirror our rules for construing statutes, we must give effect to all language in a proclamation so no portion is rendered meaningless or superfluous. We give

4

meaning to "except as otherwise provided herein" by requiring the waiver or suspension of RCW 10.73.090 to be consistent with the stated intent of the proclamation.

The proclamation explains that directives issued by the governor and other restrictions have made access to the courts "extremely limited." Proc. 20-47, ¶ 6. Thus, the proclamation is intended to "*preserv*[*e*] the rights of individuals to petition for post-conviction relief." Proc. 20-47, ¶ 8 (emphasis added). Taken as a whole, the plain meaning of the proclamation is clear: The proclamation temporarily waives and suspends RCW 10.73.090 insofar as to preserve the right of individuals to petition for post-conviction relief. We hold that Proclamation 20-47 preserves only rights that otherwise would have expired during the proclamation's one-month window. It does not resurrect expired claims.

Here, absent facial invalidity or lack of trial court jurisdiction, Millspaugh's right to petition for post-conviction relief expired years ago, in January 2005, one year after his judgment became final. *See* RCW 10.73.090(1), (3)(a). Because Proclamation 20-47 preserves only rights that otherwise would have expired during the proclamation's one-month window, Millspaugh's long-expired claim is time barred.

Millspaugh's narrow reading of the proclamation is inconsistent with the governor's stated intent to mitigate restrictions placed on access to the courts because of the pandemic. Millspaugh has been in possession of the facts relevant to his asserted

5

claim since he was sentenced in January 2004. Millspaugh's ability to present his current claim was not hindered in any way by the pandemic. To the contrary, Millspaugh's ability to present his claim by filing it during the pandemic and within the narrow one-month window shows that the pandemic had no impact whatsoever on his ability to access the courts.

Additionally, the statute conferring emergency power on the governor limits the power to suspend statutes to situations where application of a statute would "prevent, hinder, or delay necessary action in coping with the emergency." RCW 43.06.220(2)(g). Because reviving long-expired claims is unrelated to "coping with the emergency," it makes sense that the proclamation explains its intent is to preserve existing rights and to aid litigants impacted by the present emergency. We construe the proclamation in accordance with this, its stated purpose.

We dismiss Millspaugh's most recent petition as time barred by RCW 10.73.090.[1] Although time-barred petitions are typically dismissed through an order, this court

---

[1] We deny Millspaugh's request for appointed counsel. *See In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 390, 972 P.2d 1250 (1999); RCW 10.73.150(4) ("Counsel shall not be provided at public expense to file or prosecute a second or subsequent collateral attack on the same judgment and sentence.").

No. 37552-8-III
*PRP of Millspaugh*

exercises its discretion to decide this petition through an opinion. RAP 17.6(b);

RAP 18.8(a).

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Pennell, C.J.                                    Siddoway, J.